IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH A. FLOWERS, ED-2995,  )
    Petitioner,  )
      )
    v.  )  Civil Action No. 08-494
      )
GERALD L. ROZUM et al.,  )
    Respondents.  )

MEMORANDUM AND ORDER

MITCHELL, M.J.:

Joseph A. Flowers, an inmate at the State Correctional Institution at Somerset has presented a petition for a writ of habeas corpus. For the reasons set forth below, the petition will be dismissed, and because reasonable jurists could not conclude that there is a reasonable basis for appeal, a certificate of appealability will be denied. An appropriate Order and Judgment will be entered.

Joseph A. Flowers, is presently serving a life sentence imposed following his conviction, by a jury, of first degree murder, aggravated assault and violation of the uniform firearms act at Nos. CC 991077 and 9901904 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on January 26, 2000.[1]

An appeal was taken to the Superior Court in which the issues presented were:

I. Whether the evidence adduced at trial was sufficient to show that appellant knew of a means of retreat and could have retreated with complete safety.

II. Whether the evidence adduced at trial was sufficient to support appellant's

---

[1] See: Petition at ¶¶ 1-7.

1

conviction for murder in the first degree when the record showed that his belief in the necessity of employing deadly force was, at most, unreasonable or mistaken?[2]

On April 23, 2003, the judgment of sentence was affirmed.[3] The same issues were raised in the petition for leave to appeal to the Pennsylvania Supreme Court and leave was denied on October 28, 2003.[4]

A petition for post-conviction relief was filed in the Court of Common Pleas on October 12, 2004 and that petition was dismissed on September 20, 2006.[5]

An appeal was taken to the Superior Court in which the issues presented were:

I. Whether the Court of Common Pleas erred and/or abused its discretion in denying defendant's PCRA petition without a hearing on one or more claims raised therein?

II. Whether trial and direct appeal counsel was ineffective in violation of Article I, Section 9 of the Pennsylvania Constitution and the Sixth and Fourteenth Amendments to the United States constitution for not requesting that the Court of Common Pleas charge the jury on a crucial section of the suggested standard criminal jury instructions defining self-defense, for not objecting to the omission of this instruction, and for not preserving and raising this issue on direct appeal?

III. Whether trial and direct appeal counsel was ineffective in violation of Article I, Section 9 of the Pennsylvania Constitution and the Sixth and Fourteenth Amendments to the United States Constitution for failing to request the juvenile records of key prosecution witness, Michael Bray, for the purpose of establishing possible bias or motive for his testimony, and for failing to impeach his credibility through cross-examination on his juvenile probationary status that could have biased him in favor of the Commonwealth in anticipation of actual or hoped for preferential treatment; and said counsel was ineffective for not raising this issue

---

[2] See: Exhibit 5 to the answer of the Commonwealth.

[3] See: Exhibit 6 to the answer of the Commonwealth.

[4] See: Exhibits 7 and 8 to the answer of the Commonwealth..

[5] See: Docket CP-02-CR-0001077-1999 from the Court of Common Pleas of Allegheny County, Pennsylvania.

on appeal.[6]

On August 28, 2007, the denial of post-conviction relief was affirmed.[7] A petition for leave to appeal to the Pennsylvania Supreme Court was filed raising these same issues.[8] Leave to appeal was denied on March 6, 2008.[9]

The instant petition was executed on April 3, 2008. In it, Flowers contends he is entitled to relief on the following grounds:

> 1. Whether the evidence adduced at trial was sufficient to show that petitioner knew of a means to retreat and could have retreated with complete safety.
>
> 2. Whether the evidence adduced at trial was sufficient to support petitioner's conviction for murder in the first-degree when the record showed that his belief in the necessity of employing deadly force was, at most, unreasonable or mistaken.
>
> 3. Whether trial counsel was ineffective for not requesting that the court charge the jury on a crucial section of the suggested standard criminal jury instructions defining self-defense, for not objecting to the omission of this instruction, and for not preserving and raising this issue on direct appeal.
>
> 4. Whether trial counsel was ineffective for failing to request the juvenile records of key prosecution witness, Michael Bray, for the purpose of establishing possible bias or motive for his testimony, and for failing to impeach his credibility through cross-examination on his juvenile probationary status that could have biased him in favor of the Commonwealth in anticipation of actual or hoped for preferential treatment; and counsel also was ineffective for not raising this issue on appeal.
>
>> a. Trial counsel was ineffective for failing to investigate and to cross-examine Michael Bray for bias based upon his juvenile probationary status; and ... was ineffective for failing to preserve this issue and present it on appeal.

---

[6] See: Exhibit 10 to the answer of the Commonwealth.

[7] See: Exhibit 11 to the answer of the Commonwealth.

[8] See: Exhibit 12 to the answer of the Commonwealth.

[9] See: Exhibit 13 to the answer of the Commonwealth.

> b. Petitioner's right to confront the witness against him, pursuant to both the United States and Pennsylvania Constitutions, were violated because counsel did not introduce evidence of the potential bias of the Commonwealth's key eyewitness.[10]

It is provided in 28 U.S.C. §2254(b) that:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413

---

[10] See: Petition at ¶ 13.

4

(2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

> The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in Williams v. Taylor made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

In the instant case, it would appear that the petitioner's first two issues, that is the sufficiency of the evidence to demonstrate knowledge of a means of retreat and the sufficiency of the evidence to sustain a first degree murder conviction were raised in his direct appeal albeit not in the context of a federal claim. His third and fourth issues, that is the effectiveness of counsel in not requesting adequate jury instructions on self-defense and in failing to secure and employ the

5

juvenile records of a key prosecution witness so as to establish a possible motive for his unfavorable testimony were raised in his post-conviction appellate proceedings. For this reason, the issues which he seeks to raise here will be reviewed by the Court.[11]

The factual background to this litigation is set forth in the April 23, 2003 Memorandum of the Superior Court:

> The evidence established that on January 5, 1999, the defendant was staying at Apartment 57G in the Crawford Village Apartments in McKeesport. He was supposed to meet a Tara Evans there. Evan's boyfriend, Carlos Bray, went to apartment 57G to confront the defendant over his involvement with Evans. Bray was accompanied by his cousin, Michael Bray. Neither was armed. The Brays entered the apartment and the defendant retreated to the kitchen. When Carlos Bray entered the kitchen, the defendant shot him. After Bray fell to the floor, the defendant shot him again.
>
> When Michael Bray turned and tried to flee the apartment, the defendant stepped over the body of Carlos Bray, knelt, aimed and shot Michael Bray in the back. The defendant fled the apartment and was arrested a short time later. He gave a statement to Detective James Morton in which he admitted that he shot Carlos and Michael Bray but claimed that he did so in self-defense. The defendant did not testify at trial or present any other evidence.[12]

The first two claims which the petitioner makes here is that the evidence produced at trial was insufficient to sustain his first degree murder conviction where there is a claim of self-defense.

---

[11] In its answer the Commonwealth claims that the first three issues were not raised in the state courts on federal grounds and for this reason are not properly before the Court. Duncan v. Henry, 513 U.S. 364 (1995). As to his final issue the Commonwealth concedes that it has been exhausted. As demonstrated by the petitioner's appellate briefs, the Commonwealth is partially correct in its conclusion and for this reason, Counts I and II of his petition are subject to dismissal here. However, since he has exhausted his state court remedies on his final claim, we need to address the merits of the petition and so will also address all issues raised in the petition whether exhausted or not. Holloway v. Horne, 355 F.3d 707 (3d Cir.2004).

[12] See: Exhibit 6 to the answer of the Commonwealth at pp.1-2.

Pennsylvania defines first degree murder as a homicide committed by an intentional killing. 18 Pa.C.S.A. 2502(a).

While a matter of state evidence is governed by state law, the sufficiency of the evidence becomes a matter of federal dimension where there is a claim that based on the evidence presented no rational fact-finder could have found guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979).

Based on the evidence presented, the Superior Court concluded:

> the evidence established that, 1) there was a back door to the apartment in the kitchen that was secured only by a simple switch-lock, 2) the back door was not obstructed, and 3) there was enough time for appellant, who was in the kitchen when the victim came to the door, to have fled out of the back door before the victim entered the kitchen. Accordingly, when viewed in the light most favorable to the Commonwealth, the evidence was sufficient for the jury to have found beyond a reasonable doubt that appellant did not have a reasonable belief that it was necessary to use deadly force, that appellant had [a] duty to retreat, that appellant knew there was a means of escape, and that retreat was possible with complete safety...
>
> the evidence [also] adduced at trial established that appellant shot Carlos Bray twice, once after struggling with him, and then again after Bray had fallen to the floor. The evidence further established that both shots were to vital parts of the body, and were sufficient to cause death. Appellant then shot Michael Bray who was fleeing to the door. Since we find that this evidence was sufficient to support the jury's finding of specific intent, the challenge to the sufficiency of the evidence is rejected as meritless..[13]

Factual findings of a state court are presumed to be correct. 28 U.S.C. 2254(e)(1); Campbell v. Vaughn, 209 F.3d 280 (3d Cir. 2000), cert. denied 531 U.S. 1084 (2001).

Based on this analysis there is nothing in the record to suggest that there was not sufficient evidence upon which a reasonable fact finder could find guilt beyond a reasonable

---

[13] See: Exhibit 6 to the answer of the Commonwealth at pp.4-6.

doubt and for this reason the claims are meritless. Additionally, testimony was presented that the petitioner was the only armed individual (TT.73, 75, 114, 133, 148); that the petitioner shot the victim's cousin while the latter was fleeing (TT., 73, 127, 143) and that the victim was not armed (TT. 75).

In addition, the petitioner's statement to the police was admitted into evidence and made a part of the record at trial.[14] In that statement made immediately after his arrest, the petitioner who was accompanied by his aunt and advised of his Miranda warnings, acknowledged:

> Uh, yesterday night, I talked to a girl, Tara, which was supposed to be my girlfriend and his baby's mother, and she told him [the victim] about me and her being together and they got into an argument, names between them was said, and all types curse words and my name was brought up. He did also threaten me which I believe might be important to this case because there, there is proof that he did say because at the same time the girl Tara was in the room and he said: "Would you like to die with her?" because of her being with me and not him. And in a way, I tried not to paid any attention because I, no one wants to die. I, so I really didn't want any of that to happen. And I woke up, which would the day, this morning, around, I'd say like 9:45, 10:00, I was talking with Latina, and I was getting dressed to leave. I had put my coat on, and I went to go put on my boots and there was a knock at the door. She looked out the window and she told me to hide in the pantry because it was Carlos. I ran back in the pantry and she opened the door. When she opened the door, he's like, I heard him say, I heard Carlos say: "Where's Tara's boyfriend." Ran back to where the pantry is and that's when the gunshot started and I let out the shot. I'm not exactly sure how many shots were fired or how many times I hit him, hit Carlos, or anything of that nature but I did do it. I ran out the door. And in front of me was his cousin Michael Bray and I, I never seen him get hit, so I can only assume that he got hit like whenever Carlos had got hit...
>
> [Now, did you see Carlos with a gun or anything?] No...
>
> I knew that what I did was wrong and there, there, it would be just a whole lot better to just get everything on the table that's why when the arresting officers had

---

[14] See: Docket 12-2 and TT. 371-372.

came, I had no problem... with opening the door and not moving.[15]

Thus, there was ample evidence to demonstrate that the petitioner's claim of self-defense was meritless and for this reason, his first two claims here are without merit.

The third claim petitioner raises here is that counsel was ineffective for failing to move for a particular jury instruction on self-defense.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to effective assistance of counsel. First, the petitioner must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S.Ct. 2052. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Strickland test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. See Strickland, 466 U.S. at 687; Dooley v. Petsock, 816 F.2d 885, 889 (3d Cir. 1987), cert. denied, 484 U.S. 863 (1987). As a result, if a petitioner fails on either prong, he loses. Holladay v. Haley, 209 F.3d 1243, 1248 (11th 2000) ("Because both parts of the test must be satisfied in order to show a violation of the Sixth Amendment, the court need not address the

---

[15] Id.

performance prong if the defendant cannot meet the prejudice prong, or vice versa.")(citation omitted); Foster v. Ward, 182 F.3d 1177, 1184 (10th Cir. 1999) ("This court may address the performance and prejudice components in any order, but need not address both if Mr. Foster fails to make a sufficient showing of one.").

Additionally, when called upon to review the adequacy of the jury instructions, a habeas court must review those instructions as a whole. Estelle v. McGuire, 502 U.S. 62 (1991); Riley v. Taylor, 277 F.3d 261 (3d Cir. 2001).

In his instructions, the court went into painstaking detail on what would justify self-defense (TT.372-384). Included in those instructions were the following:

> I will now turn the concept of justification. This was raised by the defense. And I am going to begin with some terms, definitions...
>
> Self-defense. The basic rule for self-defense is that a defendant is justified in using force against another person if he reasonably believes that he is in immediate danger of unlawful force from that person and reasonably believes that it is necessary, then and there, to use the force which he does use to protect himself.
>
> There are other requirements for justifiable self-defense beside that basic rule. These additional requirements are more restrictive if a defendant uses deadly force to protect himself. So we understand that he may use force against another person if he believes he is in immediate danger of unlawful force from that person and reasonably believes it is necessary, then and there, to use the force he does to protect himself...
>
> Now, if a defendant employs deadly force to protect himself, his use of force must meet the following requirements in addition to the basic one: One, the defendant must reasonably believe he is in immediate danger of death or serious bodily injury from the other person and reasonabl[y] believe that it is necessary, then and there, to use deadly force upon that person to protect himself. In other words, you may use force if you are faced with force. But you may only use deadly force if you are faced with deadly force. The defendant must reasonably believe that he is in immediate danger, immediate danger of death or serious bodily injury.

Two, he reasonably must believe that it is then and there necessary to use deadly force to protect himself. In addition, the defendant must have been free from fault in provoking or continuing the difficulty which led to his use of deadly force. And, four, he must not have violated a duty to retreat... (TT.379-381).

Thus, the trial court clearly set forth the legal basis for a self defense claim, Com v. Serge,, 837 A.2d 1255 (Pa.Super.2003), affirmed 586 Pa. 671 (2006), cert. denied 127 S.Ct. 275 (2006).[16] This claim was rejected by the jury in light of the evidence which had been presented. For this reason, counsel cannot be deemed ineffective for failing to request additional instructions.

The final claim is that counsel was ineffective in failing to request prosecution witness Michael Bray's juvenile record for use to impeach his credibility by demonstrating possible bias.

This issue was raised in the post-conviction proceedings following which the Superior Court summarized the matter as follows:

> [T]en months prior to Appellant's trial, Michael Bray gave testimony concerning his recollection of the incident. The testimony was given at a hearing held on Appellant's motion to transfer the charges to juvenile court. This hearing was held **well before** Bray's alleged probation violation and Bray's testimony at trial was not materially different from that given at the earlier transfer hearing. In fact, not only were portions of Michael Bray's testimony at the transfer hearing used at Appellant's trial to refresh Brays' recollection of the incident, but at trial, Appellant did not challenge Bray's testimony as being inconsistent with his prior testimony. Indeed, Appellant has failed on appeal to identify any inconsistency between Bray's trial testimony and his testimony at the transfer hearing. Therefore, Appellant's claim that Bray's trial testimony might have been biased because of a possible Commonwealth deal that could not have been anticipated at the time of Bray's earlier and substantially identical testimony is wholly groundless. Thus, we conclude that trial counsel could not have rendered ineffective assistance by failing to question Bray regarding any potential bias.[17]

---

[16] See:18 Pa. C.S. § 505.

[17] See; Exhibit 11 to the answer of the Commonwealth at pp.13-14 (emphasis in original).

This factual determination is likewise entitled to a presumption of correctness, and nothing presented here demonstrates any basis for concluding otherwise. Thus, as the Superior Court concluded counsel cannot be deemed ineffective for failing to raise a meritless issue.

Because the petition fails to demonstrate any bases upon which relief may be granted, it will be dismissed, and because no reasonable jurists could conclude that a reasonable basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order and Judgment will be entered.

ORDER

AND NOW, this 3rd day of July, 2008 for the reasons set forth above, the petition of Joseph A. Flower for a writ of habeas corpus is dismissed and a certificate of appealability is denied.

s/Robert C. Mitchell,<br>
United States Magistrate Judge